MARY SULLIVAN V. ANN BRENNAN, *et al.*, Appellants.

ALLOWANCE TO A CO-TENANT held to be equitable.

*Appeal from Lee District Court.*—HON. J. M. CASEY, **Judge.**

WEDNESDAY, MAY 29, 1895.

Action for the partition of real estate. The defendant Ann Brennan makes equitable claim against her cotenants for four hundred and forty dollars for taxes and insurance paid, and for permanent improvements, upon the property. It appearing that the property could not be divided, decree was entered for its sale, a referee appointed, and it was ordered that out of the proceeds he pay Ann Brennan one hundred dollars in satisfaction of said claim. The referee sold the property to Ann Brennan for eight hundred dollars. Ann Brennan excepted to the amount allowed to her on said claim, and from said allowance appeals.—*Affirmed.*

*Parsons & Dolan* for appellant.

*Jas. H. Anderson* for appellee.

Given, C. J.—I. The only question involved in this appeal is whether the amount allowed to the appellant should be increased. The facts are these: The parties to this action are the heirs at law of Thomas D. Ryan, deceased, who died in 1879 seized of lots 4, 5, and 6, block 8, of Mason's Lower addition to the city of Keokuk, which, with his wife, Ann Ryan, he occupied as a homestead at the time of his death. The widow, Mrs. Ann Ryan, continued to occupy the property as her homestead until her death, August 1, 1892. The appellant and her husband lived on the property with Mrs. Ryan until her death, and have continued to occupy it since. During the life of Mrs. Ryan the appellant paid the taxes on said property, amounting to two hundred and fifty-six dollars and eighty-four cents; fifty-seven dollars and sixty cents, insurance; and two hundred and fifty dollars for repairs. Plaintiff's husband assigned his interest in the claim to the plaintiff, and she asked to be allowed the amount of said payments, less her proportion, namely, four hundred and forty dollars. Plaintiff's allegation that she made these payments was denied, and it is claimed that the payments were made by the widow. In view of the undisputed fact that appellant and her husband occupied the property with the widow, it may well be inferred, in the absence of proof to the contrary, that the payment of taxes and repairs was to be on account of, if not in lieu of, rent. Appellant testifies otherwise, but in this she is contradicted by her sister, who states as follows: "My sister always told me that she gave her money to my mother, and my mother paid the taxes. It was my sister's money that paid the taxes, and on account of this my sister was not to pay any rent, or anything." This witness, Mary Sullivan, further states, "My husband paid fifty dollars worth of taxes for her." Authorities are cited on the question whether appellant's cotenants are liable to contribute for these payments, but this question we are not called upon to determine. By the allowance made by the court below, appellant's right to be reimbursed

is recognized, and from that no appeal has been taken. As already stated, the only question is whether appellant should be allowed a greater sum than one hundred dollars. In view of all the facts of the case, we think the amount allowed is equitable and just, and the judgment of the district court is therefore *affirmed*.